```
UNITED STATES DISTRICT COURT
  FOR THE MIDDLE DISTRICT OF TENNESSEE
            NASHVILLE DIVISION
```

CLAUDIA HARRIS,               )
                              )
    Plaintiff,               )
                              )
             v.            )   NO.  3:11-1173
                              )   Judge Sharp/Bryant
ABE GARDEN AT PARK MANOR,     )
                              )
    Defendant.               )

TO: The Honorable Kevin H. Sharp

### REPORT AND RECOMMENDATION

    Defendant Abe Garden at Park Manor ("Park Manor") has filed its motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Docket Entry No. 18).

    Plaintiff Harris has not filed a response to this motion, and the time within which she was obligated to do so has expired.

    For the reasons stated below, the undersigned Magistrate Judge recommends that defendant's motion to dismiss be granted and the complaint dismissed.

### Statement of the Case

    Plaintiff Harris, who is proceeding pro se, has brought an action for employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* Plaintiff alleges that she was employed as a Certified Nurse Technician ("CNT") by defendant Park Manor. After working for several months, plaintiff alleges that she asked her supervisor if she could have Sundays off because she is a Christian. Plaintiff alleges that her supervisor "worked it out" so that plaintiff was not required to work on a Sunday from January until August 2010.

Plaintiff alleges that she was hired before another employee, Paula Marion, but that Park Manor promoted Ms. Marion to a supervisory position over the plaintiff, despite the fact that plaintiff had more tenure as a Park Manor employee.

In August 2010, plaintiff alleges that Paula Marion cut plaintiff's hours to twelve hours per week even though plaintiff was a full-time employee and scheduled plaintiff to work on Sundays. Plaintiff alleges that she complained to Vicki Rains about her hours being cut and about being scheduled to work on Sundays. She further asserts that Paula Marion wrote her up on a disciplinary action report falsely charging her with physical abuse of a patient, not informing her supervisor of a canceled shift, false documentation, and "fear of reprisal." Plaintiff alleges that approximately two weeks later she was called by Charlotte Nesbitt, Executive Director, and was informed that they were terminating her employment. In summary, plaintiff complains that: "I was discriminated against, defamation of Character, falsely accuse of Abuse, deprived of my religion rights, left in a state of total confusion without having to ask Why?" (Docket Entry No. 1 at 6). Plaintiff charges employment discrimination based on her race and religion (Id. at 2).

Defendant Park Manor has filed its motion to dismiss for failure to state a claim.

### Standard of Review

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the court must view the complaint in the light most favorable to the plaintiff, accepting all well-pleaded factual allegations as true. Ashcroft

v. Iqbal, 556 U.S. 662, 678 (2009). This requirement of accepting the truth of the complaint's factual allegations does not apply to legal conclusions, however, even where such conclusions are couched as factual allegations. Id. Although Federal Rule of Civil Procedure 8(a)(2) requires merely "a short and plain statement of the claim," the plaintiff must allege enough facts to make the claim plausible. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007). He must plead well enough so that his complaint is more than "a formulaic recitation of the elements of a cause of action." Id. at 555. "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." League of United Latin American Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007).

While a pro se complaint is "to be liberally construed" and "must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)), "basic pleading essentials" still apply. See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1990). Moreover, "[d]istrict courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. To do so would 'require . . . [the courts] to explore exhaustively all potential claims of a pro se plaintiff, . . . [and] would . . . transform the district court from its legitimate advisory role to the improper role of advocate seeking out the strongest arguments and most successful strategies for a party.'" Dixie v. Ohio, 2008 WL 2185487, at *1 (N.D. Ohio, May 23, 2008) (quoting Beaudett v.

3

City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985)).

## **Analysis**

As mentioned above, plaintiff Harris has not responded in opposition to defendant's motion to dismiss. Nevertheless, a district court cannot grant a motion to dismiss simply because the adverse party has not responded. The Court is required, at a minimum, to examine the movant's motion to ensure that he has discharged his burden. Carver v. Bunch, 946 F.2d 451, 455 (6th Cir. 1991).

Plaintiff alleges that she suffered unlawful employment discrimination based on race.

To state a *prima facie* claim for racial discrimination in employment, a plaintiff must allege that: (1) she is a member of a protected class; (2) she was qualified for her job; (3) she suffered an adverse employment decision; and (4) she was replaced by a person outside the protected class or was treated differently than similarly situated nonprotected employees. White v. Baxter Healthcare Corp., 533 F.3d 381, 391 (6th Cir. 2008). From a review of the complaint, plaintiff fails to include allegations satisfying elements (1) and (4). Specifically, beyond her conclusory claim of racial discrimination, plaintiff fails to allege anything about her race or that she is otherwise a member of a protected class. Similarly, she fails to allege the race of any other actor involved in these events. In addition, plaintiff fails to claim that she was replaced by, or was otherwise treated differently from, someone from a nonprotected class. For these reasons, the undersigned Magistrate Judge finds that plaintiff has failed to state a *prima*

4

*facie* claim of racial discrimination.

The complaint also asserts discrimination based upon plaintiff's religion. Title VII makes it an unlawful employment practice for an employer not to make reasonable accommodations, short of undue hardship, for the religious practices of its employees. TWA v. Hardison, 432 U.S. 63, 74 (1977). The obligation to accommodate includes efforts to accommodate those employees who refuse to work on particular days of the week because of their religious beliefs. See e.g., Murphy v. Edge Memorial Hospital, 550 F.Supp. 1185 (M.D. Ala. 1982).

To state a *prima facie* claim of failure to make a religious accommodation, a plaintiff must allege that: (1) she holds a sincere religious belief that conflicts with an employment requirement; (2) she has informed the employer about the conflict; and (3) she was discharged or disciplined for failing to comply with the conflicting employment requirement. Smith v. Pyro Mining Co., 827 F.2d 1081, 1085 (6th Cir. 1987). In her complaint, plaintiff Harris alleges that she is a Christian, that she asked her supervisor if she could have Sundays off, and that the supervisor "worked it out" so that plaintiff did not have to work on a Sunday from January until August 2010 (Docket Entry No. 1 at 5). Plaintiff further alleges that she called her new supervisor, Paula Marion, on August 7, 2010, to remind her that plaintiff didn't work on Sunday; plaintiff alleges that Ms. Marion responded "okay." (Id.) Plaintiff asserts that on Monday, August 9, 2010, she went to speak with Vicki Rains about plaintiff's work hours being reduced and being scheduled on Sunday (Id.). Plaintiff then

5

claims that her supervisor, Ms. Marion, wrote up a disciplinary report accusing plaintiff of physical abuse of a patient, not informing the supervisor of a canceled shift, false documentation and "fear of reprisal." Plaintiff alleges that approximately two weeks thereafter, she was called by Ms. Charlotte Nesbitt and was informed that Park Manor was terminating her employment.

Construing the foregoing factual allegations in a light most favorable to plaintiff Harris, the undersigned Magistrate Judge finds that she has failed to allege a *prima facie* case of employment discrimination based on her religion. First, although plaintiff identifies herself as a "Christian," she does not state any sincerely held belief which would otherwise preclude her from working on Sundays. In fact, the complaint at least by implication suggests that she did work on Sundays without complaint for at least two months after being hired and before she requested Sundays off from work. Additionally, according to the complaint, when plaintiff Harris requested to be off on Sundays, her supervisor "worked it out" so that she did not have to work on a single Sunday from January until August 2010. This suggests that the employer readily made an accommodation to comply with plaintiff's request to be off work on Sundays. Finally, there is no allegation in the complaint that plaintiff's termination was caused by her request to be off on Sundays, especially in light of her statement that the employer allowed her to be off work on Sundays for a period of seven months immediately prior to her termination. Summarizing, the undersigned Magistrate Judge finds that the complaint fails to state a *prima facie* claim for employment discrimination based upon religion under Title VII.

Construing the complaint liberally, plaintiff also seeks to state a claim for defamation. Apparently, this claim is premised upon the allegedly false disciplinary report on plaintiff alleged to have been prepared by supervisor Paula Marion (Docket Entry No. 1 at 5).

In Tennessee, to assert a *prima facie* case of defamation a plaintiff must allege that (1) a party published a statement, (2) with knowledge that the statement was false and defaming to the plaintiff, or (3) with reckless disregard for the truth of the statement or with negligence in failing to ascertain the truth of the statement. Sullivan v. Baptist Memorial Hospital, 995 S.W.2d 569, 571 (Tenn. 1999). Although the complaint alleges that supervisor Paula Marion "was writing up disciplinary action report," (Docket Entry No. 1 at 5), the complaint does not allege that Ms. Marion, or anyone else, published this report to anyone. Moreover, if one were to presume that Ms. Marion provided this allegedly false and defamatory disciplinary action report to superiors within Park Manor, under Tennessee law this would not constitute a publication sufficient to state a claim for defamation. Tennessee courts have held that communications among agents of the same corporation made within the scope and course of employment relative to duties performed for that corporation are not to be considered as statements communicated or published to third persons. Woods v. Helmi, 758 S.W.2d 219, 223 (Tenn. Ct. App. 1988) (citing Freeman v. Dayton Scale Co., 19 S.W.2d 255 (Tenn. 1929)). In the absence of an allegation that this allegedly defamatory report was published to a third party outside of Park Manor, the undersigned Magistrate Judge finds that the complaint

has failed to state a *prima facie* claim for the tort of defamation under Tennessee law.

Summarizing, for the reasons stated above, the undersigned finds that the complaint fails to state a claim upon which relief can be granted and, therefore, should be dismissed.

### RECOMMENDATION

For the reasons stated above, the undersigned Magistrate Judge RECOMMENDS that defendant's motion to dismiss be GRANTED and that the complaint be DISMISSED for failure to state a claim upon which relief can be granted.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from service of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).

**ENTERED** this 14th day of January 2013.

s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge