UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CLAUDIA HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:11-cv-01173 |
| v. | ) | |
| | ) | Judge Sharp |
| ABE GARDEN AT PARK MANOR, | ) | Magistrate Judge Bryant |
| | ) | |
| Defendant. | ) | |

## ORDER

*Pro se* Plaintiff Claudia Harris is a former employee of Defendant Abe Garden at Park Manor. (Docket Entry No. 1, Complaint). Plaintiff filed this claim against Defendant on December 12, 2011, pursuant to Title VII of the Civil Rights Act of 1964, and the Civil Rights Act of 1991, for employment discrimination. (*Id.* at 1). Plaintiff alleges Defendant discriminated against her based on her race and religion. (*Id.* 2). Additionally, Plaintiff brings a claim for defamation, wherein she claims her supervisor, Paula Marion, prepared a false disciplinary report on Plaintiff. (*Id.* at 5).

On April 4, 2012, Defendant filed a *Motion to Dismiss* (Docket Entry No. 18), contending Plaintiff has failed to state a "cognizable claim" for which relief can be granted. No response was filed to the motion.

The Magistrate Judge entered a Report and Recommendation ("R & R") (Docket Entry No. 21) in this case on January 14, 2013, concluding,

> Specifically, beyond her conclusory claim of racial discrimination, plaintiff fails to allege anything about her race or that she is otherwise a member of a protected class. Similarly, she fails to allege the race of any other actor involved in these events. In addition, plaintiff fails to claim that she was replaced by, or was otherwise treated differently from, someone from a nonprotected class. For these

1

reasons, the undersigned Magistrate Judge finds that plaintiff has failed to state a *prima facie* claim of racial discrimination.

***

Construing the foregoing factual allegations in a light most favorable to plaintiff Harris, the undersigned Magistrate Judge finds that she has failed to allege a *prima facie* case of employment discrimination based on her religion. First, although plaintiff identifies herself as a "Christian," she does not state any sincerely held belief which would otherwise preclude her from working on Sundays. In fact, the complaint at least by implication suggests that she did work on Sundays without complaint for at least two months after being hired and before she requested Sundays off from work. Additionally, according to the complaint, when plaintiff Harris requested to be off on Sundays, her supervisor from January until August 2010. This suggests that the employer readily made an accommodation to comply with plaintiff's request to be off work on Sundays. Finally, there is no allegation in the complaint that plaintiff's termination was caused by her request to be off on Sundays, especially in light of her statement that the employer allowed her to be off work on Sundays for a period of seven months immediately prior to her termination. Summarizing, the undersigned Magistrate Judge finds that the complaint fails to state a *prima facie* claim for employment discrimination based upon religion under Title VII.

***

Construing the complaint liberally, plaintiff also seeks to state a claim for defamation. Apparently, this claim is premised upon the allegedly false disciplinary report on plaintiff alleged to have been prepared by supervisor Paula Marion (Docket Entry No. 1 at 5). … In the absence of an allegation that this allegedly defamatory report was published to a third party outside of Park Manor, the undersigned Magistrate Judge finds that the complaint has failed to state a *prima facie* claim for the tort of defamation under Tennessee law.

(*Id.* at 4-7). Therefore, the Magistrate Judge recommended that "defendant's motion to dismiss be GRANTED and that the complaint be DISMISSED for failure to state a claim upon which relief can be granted." (*Id.* at 8). Plaintiff filed a timely objection to the R & R on January 24, 2013 (Docket Entry No. 24), and the Court has carefully reviewed the letter and supporting documents.

Having considered the matter *de novo* in accordance with Fed. R. Civ. P. 72(b), the Court agrees with the Magistrate Judge's recommended disposition.

Accordingly, the Court hereby rules as follows:

(1)  The Report and Recommendation (Docket Entry No. 21) is hereby ACCEPTED and APPROVED, and Plaintiff's objections thereto (Docket Entry No. 24) are hereby OVERRULED;

(2) Defendant's *Motion to Dismiss* (Docket Entry No. 18) is hereby GRANTED; and

(3) This case is hereby DISMISSED WITH PREJUDICE.

The Clerk is directed to enter Judgment in a separate document in accordance with Federal Rule of Civil Procedure 58.

**It is SO ORDERED.**

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE